given was reasonable under the facts and circumstances. Reasonable notice is prerequisite to a court's power to order a period of time different than that prescribed by the rule. *State ex rel. Gleason v. Rickhoff*, 541 S.W.2d 47 (Mo.App.1976).

Because of the facts and circumstances of this case, this court finds and rules there was reasonable notice of the hearing provided. Husband's point (2) is ruled against him.

■ Under his final point (3), husband asserts the hearing court erred in ordering renewal of the Full Order of Protection because the evidence was insufficient to sustain a finding that the wife was placed in an imminent and present danger of abuse.

*Capps v. Capps*, 715 S.W.2d 547 (Mo. App.1986) addressed this question and ruled that when a renewal order for a Full Order of Protection is supported by a preponderance of the evidence in support of the motion, the Full Order of Protection must be granted. The required proof is not any new or additional acts of abuse, although such acts, if present, certainly can be included, but rather, the proof must be that expiration of the order will place the petitioner/movant in immediate and present danger of abuse. *Capps, supra.*

A reading of the transcript in the instant case clearly indicates that the hearing court became convinced that if the order were allowed to expire, the wife would be placed in a position of immediate and present danger of abuse. The wife was the only witness to testify. Her testimony recounted acts of violence perpetrated against her by her husband accompanied by threats of future or continued violent acts.

The testimony of the wife included an account of her worsened economic status since the filing of the original petition. She was forced to deplete almost her entire savings. She was not employed due to her age and arthritic condition. From this evidence and in addition to extending the order, the hearing court found a continued existence or need for maintenance for the wife and ordered payment of $750.00 per month to her from the husband. The record before this court supports the findings and judgment of the hearing court and the husband's contention that the evidence was insufficient is without merit. Husband's point (3) is ruled against him.

The judgment is in all respects affirmed.

All concur.

**Sandra WALTERS, Appellant,**

v.

**Ben PAPERMASTER, Respondent.**

**No. WD 42092.**

Missouri Court of Appeals,
Western District.

Feb. 27, 1990.

Robert B. Reeser, Jr., Sedalia, for appellant.

William S. Ohlemeyer, Kansas City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

### ORDER

PER CURIAM.

Plaintiff/appellant, Sandra Walters, appeals a verdict in favor of defendant/respondent Ben Papermaster. She had sought damages for injuries received in a motor vehicle collision.

Affirmed. Rule 84.16(b).